I see you're doing this pro bono? Yes, Your Honor. Thank you very much. It's been my pleasure. Yeah, we do appreciate pro bono counsel. I know pro bono counsel like to volunteer because it guarantees you get in the hot seat. And here I am. Well, good morning. May it please the court. My name is Andy Crowder and I represent Allen Wisdom, the appellant here in the debtor below. I'd like to reserve two minutes for rebuttal and I'll do my best to keep my own time. Now the trustee's conduct in Mr. Wisdom's bankruptcy proceeding was... Can we start off with the question, who does he represent? Your client? The trustee represents the estate and his duty is... His first duty is to the estate. Well, really his only duty is to the estate and to distribute assets in a way that's beneficial to everyone who's interested. Now those interested parties include the creditors and they include the debtor. And in appropriate circumstances, trustees have a fiduciary duty to the debtor just like they do to creditors, just like they do to the estate. And it's our position that the trustee had a fiduciary duty to Mr. Wisdom in this case that he failed to uphold. And the way that he did that was failing to provide notice and the opportunity for a hearing before he liquidated Mr. Wisdom's policies. Now there's a clear statutory provision, 11 U.S.C. 363B, that requires he provide notice in a hearing in circumstances like this one. But your client got notice, didn't he? He received a letter from New York Life. Now he received that letter on June 13th. And if you look at the letter, you'll see, Your Honor, New York Life indicates it's going to liquidate the policies on June 20th. So that's seven days later. But 363B doesn't require notice from someone else. It requires notice from the trustee. And the trustee, under Bankruptcy Rule 2002, is required to provide 21 days' notice. And including to that 21 days' notice, he's required to provide the debtor and the creditors and the court a timeline for filing objections. And if an objection is filed, the court has a duty to hold a hearing. And in this case, the trustee provided notice to nobody. And the fact that Mr. Wisdom received a letter from New York Life a week before his policies were liquidated is not the procedure that the Bankruptcy Court requires, that the Bankruptcy Rules require. And the reason for that is, as Mr. Wisdom noted in his argument in front of the Bankruptcy Court, when he received a letter from New York Life that said, We're going to liquidate your policies because the trustee told us to, he thought if he did anything, aside from take action, he would be obstructing the trustee. Now, that's what he really thought. Now, that would have been a different situation if he had received a letter from the trustee that says, I'm going to liquidate your policies in 21 days. You have 21 days to object. And if you object, we'll go before the court and we can hear what you have to say on the issue. You may have an excellent case against Mr. Wisdom's lawyer, but he was represented. I'd like to step back, if you could, and look at the Schedule C that the trustee was reacting to. And in that Schedule C, the five policies are listed, and as I understand it, Mr. Wisdom, through his attorney, claimed on the Policy 344, the $5,000 maximum under Subsection 10, rather than proceed under Subsection 9. Now, the trustee, getting this schedule, looked at it apparently and said, there's clearly a misunderstanding here of the law, because the $5,000 limit, as I understand it, goes to all of the policies combined. So, as I understand it, the trustee agreed that he would grant the $5,000 exemption as to 344, but therefore, there would not be any exemptions for the other four policies. So that meant that what Mr. Wisdom had anticipated was almost $15,000 total exemptions, which the trustee, which would be the total of the claimed exemptions, and the trustee agreed to $5,000. So, and he, as I understand it, filed with the Bankruptcy Court a determination on that ruling of his, or decision of his. Under the bankruptcy rules, did Mr., did the trustee have an obligation to let your client and his attorney know and have time to object to his determination to deny the exemptions other than as to 344? Well, Mr. Wisdom did have 30 days to object to the trustee's objection, but I want to be really clear. Now, wait a minute. So, I get to ask the questions, okay? So, I'm trying to understand what your argument is. So, with respect to the trustee's decision, there was a rule that said Mr. Wisdom could object and respond within 30 days to the trustee's decision. Is that correct? That's correct. And did he? No, he did not. Okay. So, you invoked 363, which is the separate action that the trustee followed, which was to liquidate immediately the 344 policy. And so, in order to come within 363B, you have to establish that that was an action that was the use, sale, or lease of property. Do you think you can qualify for that? Absolutely, Your Honor. There's a Seventh Circuit case right on point where they've held that the liquidation of life insurance counted under 363B and brought in those requirements, and they also held that those requirements were a fiduciary duty. Now, I want to make sure that we're clear on the facts here because the bankruptcy court was not. The trustee asked for liquidation on May 24th. Now, that's the same day he filed his objections. Mr. Wisdom had 30 days to object to those objections, but by June 23rd, the big policy is already gone. And the bankruptcy court didn't approve or sustain those objections until June 29th. So, the trustee literally acted before Mr. Wisdom had even an opportunity to object. But that's not the bigger point. The bigger point here is, as you noted, there was some confusion. And if you look at Mr. Wisdom's first two Schedule Cs, he notes on both of them that he wants his life insurance to be 100 percent exempt. And then he claims a provision. Where does he do that on the second one? On the first one, Your Honor, he listed the total value of his life insurance, loan value, and he listed that exact same amount as the amount he wanted to be exempt. And then, like you said, on the second Schedule C, he noted both on the docket and on the Schedule C itself that the purpose was to make his policies 100 percent exempt. And he believed that applying 60510 to each one of those policies would prevent liquidation because the corollary federal statute that Congress enacted was also intended to prevent liquidation. But the broader point here is that had the trustee simply provided notice in a hearing like he was required to. I just want to clarify. Where in the amended Schedule C did he – is that on – what ER is that? It's ER Volume 2, 097, and it's Docket Entry 12, Your Honor. I'm looking at ER 72, 072, the equivalent. That's the Schedule C property claims is exempt amended? That's right, Your Honor. Okay, and then there's a – is there a second page to that? No. Where does he say that he wanted 100 percent of the – It says on the docket entry, Docket Entry 12 on the Bankruptcy Court, and that is, like I said, ER 097. And in the docket entry itself, it says life insurance amended to state 100 percent exempt. And, again, I just want to keep bringing it back to the notice in a hearing issue. Sir, I just want to understand what the posture of this was. That's not what the Schedule C says. It says the value of claim to exemption is $5,000. You're talking about the third Schedule C in March – or, I'm sorry, in May 18th. Yeah. That's right. There's only a $5,000 exemption on the large policy. Is that what the trustee was acting from? I see that. I'm out of time, Your Honor. May I continue? Taking up your time. Yeah, that's what the trustee was responding to. But in context, he had two previous Schedule Cs noting that Mr. Wisdom wanted his life insurance to be 100 percent exempt. Yeah, but that was invoking the Idaho Code, right? Wasn't he? He was not invoking anything of the bankruptcy rules. He was invoking Idaho Code exemptions intending to prevent liquidation of his policies and have the trustee simply provided the notice that he's statutorily required to provide. Mr. Wisdom could have raised an objection and said, no, I don't want you to liquidate my policies, and there's a mechanism under the bankruptcy code. Can you explain to me? I don't understand the bankruptcy proceedings, so that's why I'm asking these questions. I'm trying to figure out what the trustee would have looked at. And if the trustee sees a claim of $5,000, that seems to be redundant of the premise that he was claiming the entire policy. So how would he understand that this was a continuation, the listing of a $5,000 claim was in addition to or somehow tied to the earlier 100 percent claim? Sure. Your Honor, he could have looked at the Chapter 7 trustee handbook, which lays out the process for accessing loan value. So that $5,000 was directed at the interest, loan value, and dividends under the policy, and that's the language used in the statute, not cash surrender value. So when Mr. Wisdom claimed $5,000, he was intending to prevent liquidation and reserve $5,000 within the policy. But again, regardless of the operation of 60510, had he provided notice in a hearing and said, I'm going to liquidate your policies, Mr. Wisdom could have claimed 6059. Everyone agrees that would have protected his policies. Okay. One quick question. Sure. I said, you know, just a matter of curiosity, anybody file a suit against him, did he file a suit against his lawyers? Mr. Wisdom, he did. He filed an adversary proceeding in the bankruptcy court in 2013, and literally two days ago the bankruptcy court, sua sponte, dismissed his claims against his attorneys. And does he have a cause of action for malpractice separate and apart from that? I haven't looked into the statute of limitations on that issue, Your Honor. Okay. All right. Thank you. I'll give you a minute for a rebuttal. Thank you. Judge Watford won't get that if you don't speak into the mic. I do that sometimes. I like to talk while I'm moving. And you won't be able to bill your client, therefore. It's true. I am not pro bono, Your Honor. My name is Josh Evatt, and I represent Jeremy Gugino, the Chapter 7 bankruptcy trustee in this matter. Before I proceed, I did want to comment quickly on the court's last comment and counsel's last comment about the sua sponte dismissal of that malpractice action. The dismissal was based on the bankruptcy court's conclusion that they didn't have jurisdiction over the case, so the case has simply been dismissed for that reason. There's been no adjudication of the underlying malpractice claim or the adjudication of the statute of limitations issue, assuming there is one. Thank you. Assumably, that case could still go forward, and for obvious reasons I don't want to weight in on the merits of any potential claim against the lawyers. I want to start off quickly by saying that the issue here really seems to be whether by choosing Idaho Code Section 11-60510 as his exemption, whether Mr. Wisdom was essentially saying, I will take the cash out of these policies. In the view of my client, and we believe under the bankruptcy code, that is exactly precisely what he was saying, was that he would take the money. Do you think there's any ambiguity in the chain of events on Exhibit C filings? No, Judge. The bankruptcy trustee can only go off of what the most recent amended version of the schedule is, and there is no obligation. I don't understand. That's what puzzled me in this case. The trustee, you say, would go only off of the Schedule C, and yet the trustee has an obligation, at least according to that handbook, to look out whether or not he has a fiduciary duty. His job as trustee is not to run roughshod in the interest of creditors over legitimate interests of the debtor. And what I am troubled by is apparently the trustee never picked up the phone and called Mr. Wisdom's lawyer and said, I understand now you are claiming 100 percent, but it appears that you're now only claiming $5,000. That seems a remarkable change of position, and if that's all that were present in the case, you know, maybe one could understand it. But I find very curious that the trustee would decide on Schedule C, the amended Schedule C, where the debtor is on the face of it, as I understand Schedule C, $15,000 in exemptions. The trustee decides on his own that that's not legal, and therefore he's going to restrict the exemptions to $5,000. That's a big hit to what the debtor on the face of it was asking for. What notice did he give to the debtor and his attorney that he had made such a radical decision? The notice were the objections as they were asserted by the trustee. Yes. It's true that under the record, Judge, there's no, on this record there is no evidence regarding phone calls made to, my client, to opposing counsel. And sitting here, I don't know if any were made or not, and even if I knew, they're not in the record. Okay. What kind of burden is that putting on trustees that they can't rely on what has been filed? It's a huge burden, and in our view it would turn the bankruptcy system on its head. Mr. Wisdom had counsel, and not only one attorney, he had two attorneys. And they knew under the rules that once those objections were made by the trustee that they had an obligation to respond to those objections. The rules are crystal clear. Okay, but that was my question, and I didn't hear your answer. What notice did he give to counsel that he had made that decision, that he had looked at the schedule and decided that it was only worth $5,000, not the full $15,000? And all I can say, Judge, is the only notice were the objections themselves. The objections? The objections themselves to the exemptions by the trustee. That is the notice. There was, I'm sorry, there were objections filed? By the trustee. So he filed those and gave those objections, a copy of those objections to Wisdom's counsel? Yes. On a timely basis? Yes. And he had 30 days to respond? Correct. And did he, so why, then why would he go ahead and liquidate the policy without waiting to see how the bankruptcy court ruled on his objections? In our view, that is not germane to the issue before the court. Well, wait a minute, wait a minute. I really don't understand this. You talk about the burden on the trustee in turning the bankruptcy proceeding on its head. The debtor exercising his right claimed $15,000. It may have been a conscious decision to decide to rely on that instead of subsection 9. But then he gets notice that he's wrong. So maybe it would cast him in a position of, oh, I better rethink what I want to do with that whole life policy. Maybe I should proceed under 9 to protect that and claim the $5,000 out of the remaining policies. He never got an opportunity to engage in that kind of tactical analysis. And I just don't understand why he should not have had that opportunity. There has to be a statutory basis, though, for him to get notice. It is. It's notice under 363B. And we disagree with that. Well, I understand you disagree, but that's the legal basis. Correct. And in any event, I don't understand why, if he had 30 days to object to the objections, why he couldn't then amend his Schedule C to take into account that the bankruptcy court has sustained the trustee's objections. But he could have in the 30 days. Can I just, if you don't mind, I'd like him to answer. It's within the bankruptcy court's discretion, Judge, to give the debtor additional time to amend yet again. I know, but the bankruptcy court never ruled on this. If you look at, and I'd have to sit down and find the page site, but if you look at the transcript from the hearing on the TFR objection filed by Mr. Wisdom, there was a discussion about the fact, about exactly that issue. And it was rather clear that the bankruptcy court, because at that point in time Mr. Wisdom was saying, give me the opportunity to amend, and I should have been given that opportunity before the bankruptcy court said, no, you're not going to get that opportunity essentially. So if I can explain why, in our view, 363 doesn't apply, it only applies to you. Judge Walter may have had a question too. Okay, I'm sorry. Go ahead. You don't have to give notice. The trustee does when property is proposed to be sold, used, or leased. The liquidation of a policy is not any of those things. It's not the sale of a policy. It's not the use of a policy. It's not the lease of a policy. And the purpose of that notice provision is so that those involved in the process, in particular creditors, have the opportunity to object if an asset isn't being put to appropriate use or if, for example, a piece of property is being sold but not enough money is being gained in the sale. That's the reason for that notice provision. It's not to, in a situation like this where you have a fixed amount of money that you know is going to be coming into the estate and it's going to be liquidated. He had notice from New York Life. He did. And still nothing was done. Correct. He waited a year to finally bring up the issue in response to the final report of the trustee. He said he, didn't he say he asked his attorney to make the claim and he didn't? Well, that's in the briefing. Not in the record. Not in the record, but it's in the briefing. Begging the question of why it's in the briefing, and I understand the motivation to do it. And Mr. Wisdom clearly, based on what's in the briefing and what he wanted to include in the record, claims that he told his lawyers to make the appropriate claim of exemption under 116059. And according to him, it never got done. So I conclude this by saying this is essentially an adversarial process. The trustee is not obligated to look after the debtor to protect the debtor from his or her own bad decisions or the bad decisions of counsel. His job is to marshal assets, reduce them to cash, distribute them to creditors. If the debtor doesn't like what's going on, the debtor has ample opportunity to respond and object. That's why I was focusing on the decision to liquidate without notice. Okay. Thank you. Your Honors, I'll try to move quickly here. As to the last issue that just came up, whether it's in the record that Mr. Wisdom forwarded. Don't worry about that. Well, I just want to point, Your Honors, to ER033 where during the bankruptcy hearing Mr. Wisdom said exactly that. I forwarded it to my attorneys. They did nothing. Okay. Now, this idea that placing a burden on the trustee to provide notice would turn the bankruptcy rules on its head is a statutory requirement that the trustee provide notice. That's not turning anything on its head. That's a requirement. And the idea that this doesn't apply to liquidations, if you look, Your Honors, at the Trustee 7 handbook, page 4-14, the United States trustee says, and I quote, a trustee therefore must comply with the notice and hearing requirements of Section 363B before liquidating an estate asset. This was a liquidation of an estate asset. The idea that a liquidation is different than a sale or a use and so it doesn't come under this notice provision is just simply incorrect. Now, our position is had Mr. Wisdom received the notice he deserved, he could have amended his Schedule C. And the bankruptcy court said after his policies were liquidated, it's too late, but it certainly wouldn't have been too late if his policies were still there. And Bankruptcy Rule 1009A says specifically a debtor has the right to amend his Schedule C at any time before the case is closed. And it's our position that had Mr. Wisdom received the notice he was entitled to, he could have done that, and he would still have life insurance today. Do you have a question? No. Okay. Thank you, counsel. Again, we appreciate your representation. The case that's argued is submitted.
judges: Fisher, Watford, Walter